*E-Filed: May 12, 2014*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TRUSTEES OF THE U.A. LOCAL 393 PENSION FUND AND THE U.A. LOCAL 393 HEALTH AND WELFARE TRUST FUND,<br><br>Plaintiffs,<br><br>v.<br><br>JET MECHANICAL, INC.,<br><br>Defendant. | No. C13-03643 HRL<br><br>**INTERIM ORDER RE MOTION FOR DEFAULT JUDGMENT**<br><br>[Re: Docket No. 15] |

Trustees of the U.A. Local 393 Pension Fund and the U.A. Local 393 Health and Welfare Trust Fund ("Plaintiffs") sue Jet Mechanical, Inc. ("Jet Mechanical") to recover monies owed as a result of its failure to timely pay contributions pursuant to a collective bargaining agreement. *See* Dkt. No. 1 ("Complaint"). The Clerk entered default against Jet Mechanical after it was served with a summons and complaint but failed to answer or otherwise appear. *See* Dkt. No. 9. Plaintiffs now move for default judgment. *See* Dkt. No. 15 ("Motion").

In support of their claim of damages for unpaid contributions and liquidated damages for June 2013 to February 2014, Plaintiffs provide the declaration of Elizabeth Jesinger, the Chief Administrator of the employee benefit plans. *See* Dkt. No. 17. Plaintiffs recently filed a supplemental declaration of Jesinger to support damages for March 2014. *See* Dkt. No. 19. The

Court has a few concerns with respect to these declarations and damages generally that Plaintiffs shall address before the Court decides their motion.

First, the supplemental declaration provides that Jet Mechanical owes $34,991.99 for March 2014; that 20% liquidated damages on that figure is $6,598.40; and the total amount owed for March therefore comes to $39,590.40. However, the first two numbers added together do not equal the third. Moreover, by the Court's calculation, 20% liquidated damages on the $34,991.99 owed is $6,998.40, and the total amount would then be $41,990.39. Plaintiffs shall either correct their calculation for March or provide further explanation as to its accuracy.

Additionally, the supplemental declaration purports to attach Exhibit 1, an accurate copy of a monthly report submitted by Jet Mechanical on April 25, 2014. However, no such exhibit is attached, which prevents the court from confirming the above calculations. Accordingly, Plaintiffs shall submit "Exhibit 1."

Exhibit 4 to the original Jesinger Declaration is a chart indicating, among other things, the principal contributions, late payments made, contributions still owing, and liquidated damages. While the liquidated damages calculations appear to be correct, the only monthly report attached to confirm the principal contributions figures is for February 2014. Accordingly, Plaintiffs shall submit Jet Mechanical's monthly reports for June 2013 through January 2014.

Finally, Plaintiffs' complaint requests interest on unpaid contributions, which 29 U.S.C. 1132(g) expressly provides the "court shall award," but Plaintiffs make no such request in their motion. If Plaintiffs wish to recover interest on unpaid contributions, they shall submit a declaration supporting the calculation of such an award.

Plaintiffs shall file a response within 10 days from the date of this order. The hearing currently set for May 13, 2014, is hereby vacated. The Court may set a new hearing date depending on Plaintiffs' submissions.

**IT IS SO ORDERED.**

Dated: May 12, 2014

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

2

**C13-03643 HRL Notice will be electronically mailed to:**

Mark Stephen Renner     mrenner@wmprlaw.com, lgonzales@wmprlaw.com

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**